IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

SUNBRIDGE HEALTHCARE LLC )
d/b/a RIVER CITY CENTER, on behalf )
of Carl Carter, an incapacitated individual, )
SUNBRIDGE HEALTHCARE LLC d/b/a )
MERRY WOOD LODGE, on behalf of Eddie )
Adams, an alleged incapacitated individual, )
And DIVERSICARE HEALTHCARE ) Civil Action No. 2:15cv170-WHA
SERVICES, INC. d/b/a LYNWOOD )
NURSING HOME,   on behalf of Lavell )
Barnes, an alleged incapacitated individual, )
)
Plaintiffs, )
v. )
)
STEPHANIE MCGEE AZAR, in her Official )
Capacity as the Acting Commissioner of the )
Alabama Medicaid Agency, )
)
Defendants. )

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

This cause is before the court on a Motion to Dismiss and, in the Alternative, for Partial

Summary Judgment (Doc. #21), filed by the Defendant, Stephanie Azar ("Azar") in her official

capacity as Acting Commissioner of the Alabama Medicaid Agency.   The court will treat the

pending motion as a Motion to Dismiss and will not consider evidence outside of the pleadings,

except to the extent that there is a jurisdictional challenge.

The Plaintiffs filed a Complaint in this case on March 16, 2015.   The Defendant filed two

Motions to Dismiss which were mooted by the filing of amended complaints by the Plaintiffs.

In their Second Amended Complaint, the Plaintiffs bring a request for a Declaratory

Judgment.   The Second Amended Complaint does not contain counts, but instead consists of a

statement of facts;   a "Claim for Relief Declaratory Judgment" which refers to a failure of the Alabama Medicaid Agency ("AMA") to afford fair hearings in violation of the federal Medicaid Act and implementing regulations, a violation of the Americans with Disabilities Act ("ADA"), and a deprivation of rights, privileges, and immunities secured by the Constitution; and which contains a prayer for relief which refers to the Medicaid Act, the ADA, and the due process clause.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED, but the Plaintiffs will be given leave to file a new Amended Complaint.


## II.   MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).    In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.    *See Ashcroft v. Iqbal,* 556 U.S. 662*, 678-79 (2009).     "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).    To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."    *Id.* at 570.    The factual allegations   "must be enough to raise a right to relief above the speculative level."    *Id*. at 555.

### III.  FACTS

The allegations of the Plaintiffs' Complaint are as follows:

River City, Merry Wood Lodge, and Lynwood Nursing are skilled nursing facilities in Alabama.   Carl Carter, Eddie Adams, and Lavelle Barnes were admitted to these facilities, and are alleged to be qualified individuals with a disability as defined by the ADA.

The AMA is the agency in Alabama which is charged with the responsibility of administering the Medicaid program within the state.   The Second Amended Complaint states that all actions alleged to have been taken by AMA in this case are imputed to Azar.[1]

Carl Carter was admitted to River City in March of 2013.   He is alleged to have suffered medical conditions at that time which rendered him mentally incompetent and unable to manage his affairs.   The Second Amended Complaint alleges that River City submitted an application for Medicaid benefits on his behalf which was denied on or about June 5, 2013 for failure to submit financial verifications.   The Second Amended Complaint further states that the notice of denial was sent directly to Carter, an incapacitated individual who had no authorized agent with legal authority to obtain verifications and access his financial resources.   On September 26, 2013, Carter's elderly sister Annie Kennedy was appointed his Guardian, but not Conservator.   On or about August 13, 2014, River City appealed the denial of Carter's benefits and requested a fair hearing.   Carter died on September 4, 2014.    On September 17, 2014, AMA dismissed the appeal on the basis that the request for a hearing was made beyond the 60 day deadline to appeal a Medicaid determination.

On October 1, 2014, the AMA imposed a penalty with regard to Carter's eligibility due to a

---

[1] The Defendant claims Eleventh Amendment immunity for claims against the State, but this court concludes that this allegation in the Second Amended Complaint appears to clarify that claims are not being asserted against the State directly.

transfer of real properties in 2009.    On October 27, 2014, River City submitted an undue

hardship waiver, which was denied on November 6, 2014.   On November 24, 2014, River City

appealed the penalty imposed on October 1, 2014.   On December 30, 2014, River City appealed

the denial of the undue hardship waiver.

Eddie Adams was admitted to Merry Wood in February of 2014 and suffers from medical

conditions which render her mentally incompetent and unable to manage her affairs.   Merry

Wood Lodge submitted an application for Medicaid benefits on her behalf.   AMA issued a

determination of eligibility effective June 2014.    The notice of eligibility was sent to Adams and

did not provide any information regarding appeal rights.   On October 3, 2014, Merry Wood

Lodge submitted an appeal and a request for a fair hearing.   On November 19, 2014, the AMA

dismissed the case and did not grant a hearing because the request was beyond the 60 day deadline

for an appeal.

Lavelle Barnes was admitted to Lynwood Nursing on or about November 4, 2008.   He

suffers from medical conditions which render him mentally incompetent and unable to manage his

affairs.   Lynwood Nursing submitted an application for Medicaid benefits on his behalf.   On

June 25, 2014, the AMA issue a determination imposing a penalty on his eligibility due to transfers

of property.    Subsequent to the determination, Lynwood Nursing submitted a request for an

undue hardship waiver to the AMA, which was denied on August 11, 2014.   A subsequent verbal

request for an undue hardship waiver was denied on September 26, 2014.    The AMA did not

issue a notice of the September 26, 2014 denial.   On November 17, 2014, Lynwood Nursing

appealed the penalty issued by the AMA on June 25, 2014 and the August 11 and September 26

denials of an undue hardship waiver.   On December 29, 2014, the AMA dismissed the case and

did not grant a hearing because the requests were beyond the 60 day deadline.

4

## IV.   DISCUSSION

The Defendant moves for dismissal of all claims.   Specifically, the Defendant addresses the claims for violation of the Medicaid Act and for deprivation of privileges and immunities.

### Medicaid Claims

The Plaintiffs contend that in denying the three identified residents' claims, and then not holding a hearing, the Defendant violated federal Medicaid law.   Under 42 U.S.C. §1396a(a)(3), a state must provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness.   The court will address separately the Medicaid Act claims of each plaintiff.

### 1.   Eddie Adams

The Defendant states that the claims relating to Eddie Adams are moot because the AMA recently issued a Notice of Award which closed the gap in coverage which she challenges in this case.   In response, the Plaintiffs acknowledge in their brief that they have been provided a Notice of Award for the period of time which was the subject of Merry Wood Lodge's request for appeal (Doc. #23 at p.5).   The Plaintiffs state that AMA's admission of error in initially depriving Adams of benefits to which she was entitled establishes that AMA is capable of processing requests for appeals made past the 60 days deadline.   The Plaintiffs do not respond to the mootness argument.   The Plaintiffs also argue that the corrective action by AMA with respect to Adams's claim is selectivity which constitutes discrimination against the other Plaintiffs, but that appears to be an argument in support of the other Plaintiffs' claims, rather than a basis for concluding that Eddie Adams's claims are not moot.   There apparently being no dispute that Eddie Adams was awarded the requested Medicaid benefits, the court concludes that Eddie

Adams's claim for violation of Medicaid law are due to be dismissed without prejudice as moot.[2]

### 2.   Carl Carter

The Defendant states that the claims of Carl Carter should be dismissed for failure to state a claim, or the Defendant should be granted summary judgment on those claims.   The Defendant argues that the allegations in the Second Amended Complaint that Carter was incapacitated and had no authorized agent with legal authority to obtain verifications and access his financial resources are conclusory and do not have to be accepted by the court.   The Defendant concedes for purposes of the motion that the residents were incapacitated, but challenges the allegation of representation. The Defendant argues that Carter was represented because River City filed a claim on his behalf and ultimately appealed the AMA's determination, so River City was acting on Carter's behalf.   Alternatively, the Defendant moves for summary judgment, pointing to evidence that Edward Franklin was Carter's sponsor and representative.

With regard to the appeal River City filed, the Defendant states that that AMA informed the nursing home that the appeal was temporarily preserved until someone authorized to represent Cater appeared, and that that is the status of the appeal.

The Plaintiffs respond that the notice of denial was defective because it was sent to Carter only, not to his sponsor, Franklin, and not to anyone designated to act on his behalf.

The Defendant replies that the allegation that Carter alone was sent a denial letter is a fact not alleged in the Second Amended Complaint and that it is pure speculation on the part of the Plaintiffs that Franklin was not notified of the denial.   The Defendant argues that it seems likely

---

2 Because the Plaintiffs have not directly responded to the mootness argument, and, as will be discussed below, it is unclear exactly what the Plaintiffs' claims are, the court cannot determine if there are any claims on behalf of Eddie Adams which are not moot.   If the Plaintiffs can allege facts within the requirements of Rule 11 which state a claim and is not moot, that claim can be brought in a new Amended Complaint.

that the nursing home would have been aware that it was not being paid for a year.   The Defendant also points to an argument regarding Carter's incapacity and states that a party may not amend the complaint in a brief opposing summary judgment.

The court is aware that the Plaintiffs have filed previous amendments to their Complaint in response to Motions to Dismiss filed by the Defendant.   The court concludes, however, that the Plaintiffs should be given one additional opportunity to state their claims because they apparently contend that there are facts, now relied on in their brief, which are not in the Second Amended Complaint, which state a claim.   Therefore, the court will give the Plaintiffs additional time in which to file a new Amended Complaint to include these facts, if they can do so within the requirements of Rule 11 of the Federal Rules of Civil Procedure.   Such facts should be alleged specifically to each Plaintiffs' separate claim, and should not simply incorporate all facts by reference.   *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006)(rejecting as a shotgun pleading a complaint which incorporated sixty-eight paragraphs by reference into Count One which itself included 10 paragraphs).

### 3.   Lavell Barnes

As to Lavell Barnes, the Second Amended Complaint alleges that Barnes was incapacitated and had no legal Guardian to act on his behalf.

The Defendant states that the nursing home was acting on Barnes's behalf.   The Defendants point out that it does not take a guardian to notice an appeal, citing Ala. Admin. Code §560-X--3-.03 (3).   The Defendant's position is that the court need not accept a conclusory allegation that Barnes had no legal guardian to act on his behalf.   The Defendant contends that the facts of the Second Amended Complaint establish that that care facilities were the authorized

7

persons under the Alabama Regulation, and, therefore, the Plaintiffs have failed to state a claim because the authorized persons failed to timely appeal the adverse determinations, so there was no violation of law.

The Plaintiffs do not appear to argue that Barnes was not represented, at least for purposes of the appeal of the denial of the undue hardship waiver and the transfer penalty.   Instead, the Plaintiffs allege that a verbal request was made by Tina Plaski to the AMA, and that appropriate notice procedures were not followed when the verbal request was denied.   In their brief, however, the Plaintiffs state that Kim Mosely of the AMA misinformed Plaski about Barnes's rights.   The court agrees with the Defendant that this goes beyond the allegations of the Second Amended Complaint.

The Defendant replies that AMA's rules do not authorize verbal requests for undue hardship waivers.   Ala. Admin. Code §560-X--3-.03 (4).

Because the Plaintiffs have not pled separate counts for relief, the court cannot determine what claims Barnes is asserting.   It appears that the alleged violation of Barnes's rights is different from the violation alleged on behalf of Carter.   Because the Plaintiffs have not separated out counts, however, but instead have simply followed paragraphs of alleged facts with a "Claim for Relief" which references different laws and incorporates all facts by reference, the court cannot determine what violations of Barnes's rights are alleged.   If the Plaintiffs contend that they can state a claim for relief despite the rule against verbal requests for undue hardship waivers, they may include such claim in a newly-amended Complaint.   The Plaintiffs, however, should make clear specifically what the alleged violations of law are with respect to each Plaintiff, rather than stating a claim for relief which incorporates all of the facts for each Plaintiff.   *See United States ex rel. Atkins*, 470 F.3d at 1354 n.6.

Constitutional Claims

The Plaintiffs' Second Amended Complaint refers to various provisions of the United States Constitution, and refers to 42 U.S.C. §1983, but does not set out separate counts for relief. Instead the references are within the "Claim for Relief" and the "Prayer for Relief. " Where a plaintiff asserts multiple claims for relief the Plaintiff should separate those claims into separate counts.   *See Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The Defendant argues that the privileges and immunities claim in the Second Amended Complaint should be dismissed.   The Plaintiffs do not appear to respond to this argument, apparently conceding that this claim is due to be dismissed.   Instead, the Plaintiffs argue that the Second Amended Complaint states a claim for violation of due process.   The Defendant refers in its Reply to this as a "new" due process argument.

In view of the Plaintiffs' response, the court agrees that the privileges and immunities claim is due to be dismissed.   If the Plaintiffs intend to pursue a due process claim, they will be given time in which to file a new Amended Complaint which clearly sets out a separate count for violation of due process.

Americans With Disabilities Act

The Defendants state that the Motion to Dismiss does not refer to the Americans With Disabilities Act because it was unnecessary to do so in light of the arguments made.   If the Plaintiffs choose to amend their Complaint, they may also choose to include a claim for relief based on violation of this statute, but must set out the basis for such a claim in a separate count.

**V.   CONCLUSION**

For the reasons discussed, the Motion to Dismiss (Doc. #21) is ORDERED GRANTED as

9

follows:

1. As to the Medicaid claim of Sunbridge Healthcare LLC d/b/a Merry Wood Lodge, on behalf of Eddie Adams, the claim is dismissed without prejudice as moot.[3]

2. The privileges and immunities claim is DISMISSED.

3. All other claims are dismissed without prejudice to being refiled.   The Plaintiffs are given until **August 31, 2015,** to file a new Amended Complaint complete unto itself in accordance with the local rule (M.D. Ala. L.R. 15.1), which contains separate counts for relief for each Plaintiff, alleges the facts relevant to each Plaintiff's claims and the specific legal basis for each claim, and which complies with Rule 11 of the Federal Rules of Civil Procedure.

DONE this 17th day of August, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

---

3  As noted earlier, if the Plaintiffs contend that there is a claim other than the denial of benefits which have been given to Eddie Adams which is not moot, they may include that claim in the Amended Complaint.