IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUNBRIDGE HEALTHCARE LLC ) <br> d/b/a RIVER CITY CENTER, on behalf ) <br> of Carl Carter, an incapacitated individual, ) <br> and DIVERSICARE HEALTHCARE ) <br> SERVICES, INC. d/b/a LYNWOOD ) <br> NURSING HOME,  on behalf of Lavell ) <br> Barnes, an alleged incapacitated individual, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> STEPHANIE MCGEE AZAR, in her Official ) <br> Capacity as the Acting Commissioner of the ) <br> Alabama Medicaid Agency, ) <br> ) <br> Defendant. ) | Civil Action No. 2:15cv170-WHA <br> (wo) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Strike Third Amended Complaint or, in the Alternative, for more Definite Statement (Doc. #30), filed by the Defendant, Stephanie Azar in her official capacity as Acting Commissioner of the Alabama Medicaid Agency.

The Plaintiffs filed a Complaint in this case on March 16, 2015.  The Defendant filed two Motions to Dismiss which were mooted by the filing of amended complaints by the Plaintiffs.

The court then granted a Motion to Dismiss the Second Amended Complaint, dismissing some claims without prejudice to being re-filed and directing the Plaintiffs to file a new Amended Complaint complete unto itself which contains separate counts for relief for each Plaintiff, alleges the facts relevant to each Plaintiff's claims, and alleges the specific legal basis for each claim.

The Plaintiffs filed an Amended Complaint which sets out the facts specific to each Plaintiff by name, sets out the applicable law, and which states separate counts for relief which are

specific to each of the two Plaintiffs.   In response, the Defendant has moved to strike the Third Amended Complaint, arguing that because the newest Amended Complaint incorporates previous paragraphs by reference, the counts of each Plaintiff incorporate the counts of the other, which results in a shotgun pleading.   The Defendant also states that the relief sought is not clear because some counts seek only a fair hearing on the merits and some counts seek a hearing on timeliness and the merits.

The court has reviewed the Third Amended Complaint and finds that it is not redundant, immaterial, impertinent, or scandalous, so that it should be stricken. *See* Fed. R. Civ. Pro. 12(e). Furthermore, although it does incorporate previous paragraphs by reference, it separates out the facts relevant to each Plaintiff and the claims asserted by each Plaintiff by Plaintiff name.   As to the requested relief, the prayer for relief asks for two specific cases to be remanded for "fair hearings on the merits with regards to Mr. Carter and Mr. Barnes Medicaid eligibility."   (Doc. #29 at p.26).   Therefore, the Third Amended Complaint is it not so vague and ambiguous that the Defendant cannot reasonably prepare a response.   *See* Fed. R. Civ. Pro. 12(e).

The court concludes, therefore, that the Motion to Strike Third Amended Complaint or, in the Alternative, for more Definite Statement (Doc. #30), are due to be and are hereby ORDERED DENIED.

DONE this 29th day of September, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE